UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

JANE DOE, et al.,

        Plaintiffs,                Case No. 2:25-cv-11247

v.                                     Honorable Susan K. DeClercq
                                        United States District Judge

R.A., et al.,

        Defendants.
_____/

## ORDER GRANTING PLAINTIFFS' MOTION FOR A PROTECTIVE ORDER (ECF No. 14)

On April 30, 2025, a mother and her two minor daughters sued two minor students and a school district alleging violations of several state and federal statutes, including 15 U.S.C. § 6851, 18 U.S.C. § 2252(A), 18 U.S.C. § 2255, 42 U.S.C. § 1983, Mich. Comp. Laws § 37.2202(1)(a), and Mich. Comp. Laws § 750.146. ECF No. 1. Plaintiffs' allegations center around a 2024 incident at school in which fellow students created and distributed nude photographs of the minor sisters. Plaintiffs allege not only that the minor defendants created and distributed such photos, but that the defendant school district engaged in a conspiracy with those minor defendants to "cover[] up and downplay[]" their alleged conduct. *See generally id.*

On June 11, 2025, Plaintiffs filed a motion for a protective order allowing them to proceed pseudonymously. ECF No. 14. Defendant R.A., a minor who

allegedly possessed the photographs, agrees that the minors should be allowed to proceed pseudonymously, but R.A. contends that the minors' mother should not proceed pseudonymously because she filed a state court suit using her name. ECF No. 17.

Complaints must state the names of all parties as a general matter. FED. R. CIV. P. 10(a). But courts may allow the use of pseudonyms where "a plaintiff's privacy interests substantially outweigh the presumption of open judicial proceedings." *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004) (affirming decision to allow parents and minor children to proceed pseudonymously). In reaching this determination, courts should consider the following non-exhaustive list of factors:

> (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) whether prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy;" (3) whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) whether the plaintiffs are children.

*Id.* Courts also must consider whether proceeding pseudonymously would prejudice defendants by requiring them to litigate without sufficient information needed to mount a defense. *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

In light of the factors enumerated in *Porter*, this Court will grant Plaintiffs' motion to proceed pseudonymously as to all plaintiffs for three reasons. First, as for the two plaintiffs who are minors in this action, courts "grant a heightened

protection" to children. *Porter*, 370 F.3d at 561 (citing *Doe v. Stegall*, 653 F.2d 180, 186 (5th Cir. 1981)). Second, given the particularly sensitive nature of Plaintiffs' allegations and the significant social stigma attached to the allegations at issue, this Court finds that Plaintiffs' privacy interests substantially outweigh the presumption of open judicial proceedings. *See Doe v. Streeter*, No. 4:20-cv-11609, 2020 WL 6685099 (E.D. Mich. Nov. 12, 2020) (collecting cases and observing that courts have allowed plaintiffs to proceed pseudonymously in actions alleging inclusion in child pornography). This applies both to the minor children as well as to their parent, who has a legitimate interest in her children's privacy. *Cf. King v. Ursuline High Sch.*, No. 4:25-cv-01822, 2025 WL 2958221 (N.D. Ohio Oct. 17, 2025) (treating minors and their parents alike in granting motion to proceed pseudonymously in case alleging sexual abuse by fellow student). Third, Plaintiffs say that they will provide Defendant with enough identifying information to allow Defendant to litigate this matter without prejudice. ECF No. 14 at PageID.83 ("Plaintiff Jane Doe is willing to privately disclose her and her minor children's identities to the Court and Defendants so as not to create any appearance of prejudice by their proceeding pseudonymously."). Thus, it is appropriate to allow Plaintiffs to proceed in this litigation under pseudonyms at this juncture.

The fact that the minor children's mother, Jane Doe, sued in state court using her name makes no difference to any of those three considerations. The mother is

- 3 -

proceeding together with her minor children in this action, and the identities of those children would be readily ascertainable if she proceeded under her name in this action. Therefore, any decision that allows only the two minors to proceed pseudonymously would be entirely ineffective.

Accordingly, it is **ORDERED** that Plaintiffs' Motion for a Protective Order, ECF No. 14, is **GRANTED**.

**IT IS FURTHER ORDERED** that the following protective order shall remain in effect in this case until further order of this Court:

(1) The parties shall refer to Plaintiffs by the pseudonyms "Jane Doe," "A.D.," and "B.D." in all filings and public proceedings;

(2) All parties shall submit pleadings, briefing, and evidence using Plaintiffs' pseudonyms instead of their real names or other personally identifying information;

(3) Any filings which necessarily include any of Plaintiffs' personally identifying information may be filed only under seal, and any such filings must be accompanied by a Motion to File Under Seal.

>  */s/Susan K. DeClercq*
>  SUSAN K. DeCLERCQ
>  United States District Judge

Dated: December 9, 2025